UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MICHAEL J. TOIGO,                         )<br>                                                       )<br>              Plaintiff,                         )<br>       vs.                                           )<br>                                                       )<br>WELLS FARGO BANK, N.A.; and  )<br>QUALITY LOAN SERVICE         )<br>CORPORATION,                            )<br>                                                       )<br>              Defendants.                     )<br>                                                       ) | Case No.: 2:13-cv-00792-GMN-GWF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (ECF No. 11) and Request for Judicial Notice (ECF No. 13) filed by Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), and the Joinder (ECF No. 12) filed by Defendant Quality Loan Service Corporation ("Quality Loan"). Also before the Court is Plaintiff's Motion for Preliminary Injunction (ECF No. 1), originally filed in state court.

The Court held a hearing on June 14, 2013, heard the oral arguments of the parties and received additional exhibits. (Mins. of Proceedings, June 14, 2013, ECF No. 22.) This Order serves to memorialize the Court's bench ruling.

**I.     BACKGROUND**

This action arises out of foreclosure proceedings initiated on January 2, 2013, against the property located at 276 Via Tempesto Street, Henderson, Nevada, 89074, APN #: 177-12-313-054 ("the property"). (Compl., Ex. B to Notice of Removal, ECF No. 1-2.)

Plaintiff filed his Complaint in state court on April 27, 2013. (*Id*.) On April 30, 2013, Plaintiff obtained a Temporary Restraining Order from the state court, enjoining the trustee's sale scheduled the same day. (State Court TRO, ECF No. 1-5.) Defendant Wells Fargo

removed the action to this Court on May 6, 2013. (Notice of Removal, ECF No. 1.) The TRO expired on May 17, 2013,[1] and Plaintiff did not request an extension of the TRO. Briefing for Plaintiff's request for a preliminary injunction concluded on May 22, 2013. (*See* Reply to Mot. Prelim. Inj., ECF No. 14.) Plaintiff filed an Emergency Motion for Decision on Motion for Preliminary Injunction on June 4, 2013, stating that the trustee's sale had been rescheduled to June 17, 2013. (ECF No. 15.)

In his brief Complaint, Plaintiff alleges that he is "the trustor on a deed of trust recorded against the subject real property on August 16, 2005," that Defendant Wells Fargo is "the servicer of the loan on the trust deed," and that Defendant Quality Loan is "the trustee on the deed of trust." (Compl. at 1:¶2.) Plaintiff alleges that Defendant Quality Loan filed a Notice of Breach and Election to Sell that "contained a defective affidavit which does not comply with NRS 107.080." (*Id*. at 1:¶4.) Also, Plaintiff alleges that "the mediation certificate issued by the state is defective in that it states that the property is 'non-applicable property.'"[2] (*Id*. at 2:¶5.) Plaintiff does not allege specific violations of law by Defendant Wells Fargo.

In August 2005, Plaintiff executed two Deeds of Trust relating to the property. (Exs. C, D to RJN, ECF No. 13.) The first Deed of Trust was recorded August 16, 2005, to secure a $350,000 loan Note from the Lender and beneficiary Greenlight Financial Services. (Ex. C to RJN.) The second Deed of Trust was recorded August 23, 2005, to secure a $137,000 loan Note from the same Lender and beneficiary, Greenlight Financial Services. (Ex. D to RJN.) Both Deeds of Trust name Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary solely as nominee for the Lender and the Lender's successors and assigns. (Exs. C, D to RJN.) The named Trustee in both Deeds of Trust is "LSI a division of Chicago Title

---

[1] The state court ordered that the terms of the TRO would become effective upon Plaintiff's posting of security in the amount of $1,500.00. (State Court TRO, ECF No. 1-5.) Plaintiff posted this amount on May 2, 2013. (Receipt, ECF No. 1-5.)

[2] In his Complaint, Plaintiff does not appear to allege that the defective mediation certificate was a result of wrongful conduct by Defendants.

Insurance Co." (*Id.*)

In August 2011, a Corporate Assignment of Deed of Trust was executed and recorded by MERS on behalf of the Lender and beneficiary, Greenlight Financial Services, assigning the beneficial interest in Plaintiff's first Deed of Trust to Citibank, N.A. (Ex. E to RJN.)  In November 2011, a Substitution of Trustee was recorded by Defendant Wells Fargo Bank, N.A., as servicing agent for the beneficiary, Citibank, N.A., substituting Defendant Quality Loan as Trustee for Plaintiff's first Deed of Trust. (Ex. F to RJN.)

On January 2, 2013, a Notice of Breach and of Election to Cause Sale of Real Property under Plaintiff's first Deed of Trust was recorded by Defendant Quality Loan as Trustee, including an Affidavit of Authority pursuant to section 107.080 of Nevada Revised Statutes. (Ex. G to RJN; Ex. 1 to Pl.'s Mot. for Prelim. Inj., ECF No. 1-3.)  On March 20, 2013, a State of Nevada Foreclosure Mediation Program Certificate was recorded, indicating that the property was a "Non-Applicable Property" and that "[t]he Beneficiary may proceed with the foreclosure process." (Ex. H to RJN; Ex. 2 to Pl.'s Mot. for Prelim. Inj., ECF No. 1-3.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Generally, leave to amend is

only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### B.   Motion for Preliminary Injunction

Preliminary injunctions are governed by Rule 65 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 65.  A preliminary injunction may be issued if a plaintiff establishes: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  The Ninth Circuit has held that "'serious questions going to the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

## III.   DISCUSSION

### A.   Motion to Dismiss

In Nevada, a trustee's exercise of the power of sale on behalf of a beneficiary to a deed of trust is governed by the procedural requirements of section 107.080 of Nevada Revised Statutes. Nev. Rev. Stat. § 107.080.  A sale made pursuant to this section must be declared void if the trustee or other person authorized to make the sale does not substantially comply with the provisions of this section or any applicable provision of sections 107.086 and 107.087. Nev. Rev. Stat. § 107.080(5)(a).

As of the recording date of the instant Notice of Default in January 2013, this section provides that the power of sale must not be exercised until:

> (c) The beneficiary, the successor in interest of the beneficiary or the trustee first executes and causes to be recorded in the office of the recorder of the county wherein the trust property, or some part thereof, is situated a notice of the breach and of the election to sell or cause to be sold the property to satisfy

the obligation which, except as otherwise provided in this paragraph, includes a notarized affidavit of authority to exercise the power of sale stating, based on personal knowledge and under the penalty of perjury:

>(1) The full name and business address of the trustee or the trustee's personal representative or assignee, the current holder of the note secured by the deed of trust, the current beneficiary of record and the servicers of the obligation or debt secured by the deed of trust;
>(2) The full name and last known business address of every prior known beneficiary of the deed of trust;
>(3) That the beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee is in actual or constructive possession of the note secured by the deed of trust;
>(4) That the trustee has the authority to exercise the power of sale with respect to the property pursuant to the instruction of the beneficiary of record and the current holder of the note secured by the deed of trust;
>(5) The amount in default, the principal amount of the obligation or debt secured by the deed of trust, a good faith estimate of all fees imposed and to be imposed because of the default and the costs and fees charged to the debtor in connection with the exercise of the power of sale; and
>(6) The date, recordation number or other unique designation of the instrument that conveyed the interest of each beneficiary and a description of the instrument that conveyed the interest of each beneficiary.

The affidavit described in this paragraph is not required for the exercise of the trustee's power of sale with respect to any trust agreement which concerns a time share within a time share plan created pursuant to chapter 119A of NRS if the power of sale is being exercised for the initial beneficiary under the deed of trust or an affiliate of the initial beneficiary.

Nev. Rev. Stat. § 107.080(2)(c). If the property is a residential foreclosure, the Notice of Default must also comply with the provisions of section 107.087, and a copy must be mailed by registered or certified mail, return receipt requested and with postage prepaid, to the grantor or to the person who holds the title of record on the date it is recorded. Nev. Rev. Stat. § 107.080(3).

The copy mailed to the grantor pursuant to subsection 107.080(3) must include a "notice

provided by the Mediation Administrator indicating that the grantor or the person who holds the title of record has the right to seek mediation pursuant to [section 107.086]," as well as a "form upon which the grantor . . . may indicate an election to enter into mediation or to waive mediation . . . and one envelope addressed to the trustee and one envelope addressed to the Mediation Administrator, which the grantor . . . may use to comply with the provisions of [subsection 107.080(3)]." Nev. Rev. Stat. § 107.086(2)(a)(3)-(4).

If the grantor fails to return the form to the trustee within thirty days of service of the Notice of Default, by certified mail, return receipt requested, then "the trustee shall execute an affidavit attesting to that fact under penalty of perjury and serve a copy of the affidavit, together with . . . proof of service on the grantor . . . upon the Mediation Administrator." Nev. Rev. Stat. § 107.086(3). Upon receipt of these documents, the Mediation Administrator shall provide the trustee a certificate which provides that no mediation is required in the matter. *Id*.

On the date the Notice of Default was recorded, January 2, 2013, Plaintiff was the named grantor who held the title of record, and to whom a copy of the Notice of Default was to be mailed pursuant to section 107.080(3). In his Complaint and motion, Plaintiff does not allege that Defendants failed to do so. The Certificate issued by the State of Nevada Foreclosure Mediation Program states a "Proof of Service Date" of January 11, 2013. Plaintiff does not appear to allege that Defendants are responsible for the alleged defect in the Certificate.

Here, the Court emphasizes the distinction between a notarized affidavit of authority required by section 107.080(2)(c) to be attached to the Notice of Default ("Affidavit of Authority"), and an affidavit submitted to the Mediation Administrator pursuant to section 107.086(3) ("Mediation Affidavit"). As discussed above, Plaintiff makes no allegations that Defendants' conduct with regard to any Mediation Affidavit violated section 107.086(3), and does not appear to allege that the alleged defect in the Certificate was caused by Defendants.

Accordingly, the Court finds that the only cause of action alleged by Plaintiff is a violation of section 107.080(2), regarding the Affidavit of Authority attached to the Notice of Default.

As discussed below, the Court finds that Plaintiff's allegations that Defendants violated the requirements of section 107.080(2)(c) regarding the Affidavit of Authority are unsupported by the record, and in the documents submitted to the Court by Plaintiff.

In the Affidavit of Authority, the Vice President of Loan Documentation for Wells Fargo, Jahalia McCall, made a declaration as to the information required by section 107.080(2)(c), stating:

> The following facts are, except where otherwise indicated, true of my own personal knowledge based upon my personal review of business records of Wells Fargo which have been represented to me as true by persons employed by Wells Fargo who have a business duty to Wells Fargo to accurately and completely make, take and maintain those records in the regular and ordinary course of their business duties. Where the following facts are not based on my personal knowledge, they are based on my personal review of documents which are of public record in the State of Nevada and/or documents created by third parties the accuracy of which Wells Fargo relies on in conducting its business of servicing mortgage loans.

(Affidavit of Authority, attached to Notice of Default, Ex. 1 to Pl.'s Mot. for Prelim. Inj., Ex. G to RJN.)  The Affidavit of Authority correctly states that the trustee was Quality Loan, that the current beneficiary was Citibank, N.A., the prior beneficiary was Greenlight Financial Services, and that Wells Fargo was the servicer. (*Id*.)  Business addresses for each entity were provided. (*Id*.)  The dates and recordation numbers for the original Deed of Trust and the Corporate Assignment of Deed of Trust were also provided. (*Id*.)

From the face of this Affidavit of Authority, submitted by Plaintiff himself with his motion, the Court cannot find any evidence that a violation of section 107.080(2)(c) has occurred.  The Notice of Default and Affidavit of Authority clearly demonstrate full compliance on the part of Quality Loan as Trustee, and on the part of Wells Fargo, as servicer.

Accordingly, the Court finds that Plaintiff has failed to plead facts showing that a violation of section 107.080(2)(c) is plausible, or even possible. Therefore this claim is dismissed with prejudice.

With regard to Plaintiff's allegation that the mediation certificate issued by the State of Nevada Foreclosure Mediation is defective, the Court finds that Plaintiff has not alleged any wrongdoing by Defendants, and has therefore not stated any claim against Defendants. To the extent that Plaintiff wishes to amend his Complaint to state a claim on this basis, the Court grants leave to amend, if Plaintiff can do so consistent with the pleading requirements, as stated in this Order.[3]

### B. Motion for Preliminary Injunction

For the reasons discussed above, the Court finds that Plaintiff has failed to show a likelihood of success on the merits and has failed to show serious questions going to the merits, and has therefore failed to meet his burden to demonstrate entitlement to preliminary injunctive relief. Accordingly, the Motion for Preliminary Injunction (ECF No. 1) will be denied.

### IV. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 11) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**. Plaintiff shall have until June 28, 2013, at 4:00 p.m. to file an Amended Complaint. **Failure to do so by this deadline will result in dismissal of the action with prejudice.**

**IT IS FURTHER ORDERED** that the Motion for Preliminary Injunction (ECF No. 1) is **DENIED**.

DATED this 17th day of June, 2013.

_____
Gloria M. Navarro
United States District Judge

---

[3] As described above, under Nevada law any sale that is conducted on Plaintiff's property must be declared void if the Court finds that the trustee did not substantially comply with the provisions of section 107.080 or any applicable provision of sections 107.086 and 107.087. Nev. Rev. Stat. § 107.080(5)(a).